**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 17, 2005**

**TENTH CIRCUIT**

MICHAEL R. FAGAN,

        Plaintiff-Appellant,

v.

(FNU) LINNEMAN, Mental Health
Professional, Corrections Care
Services, El Dorado Correctional
Facility, in his official and private
capacities; and ROGER WERHOLTZ,
Secretary, Kansas Department of
Corrections, in his official and private
capacities,

        Defendants-Appellees.

No. 05-3125

(D.C. No. 04-CV-3114-GTV)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a *pro se* civil rights appeal under 42 U.S.C. § 1983. In his complaint, Mr. Fagan asserts that his civil rights were violated by Kansas Department of Corrections officials (Defendants). Mr. Fagan claims Defendants violated the Eighth Amendment guarantee against cruel and unusual punishment by depriving him of adequate medical care for his previously diagnosed bipolar disorder. The district court dismissed Mr. Fagan's complaint because he failed to state a claim for relief under 42 U.S.C. § 1983 and entered judgment in Defendants' favor. Mr. Fagan appeals to this court.

We agree with the district court that Mr. Fagan fails to state a cognizable Eighth Amendment claim. To pursue his § 1983 claim based on such a constitutional violation, Mr. Fagan must show "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference" occurs when an official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Proof of "deliberate indifference" requires evidence that the pain or deprivation was sufficiently serious and that the offending official's state of mind was sufficiently culpable. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Mr. Fagan failed to allege facts that meet this two-part test. Thus, Mr. Fagan's § 1983 claim is not cognizable.

After a thorough review of Appellant's brief and the record, and for substantially the same reasons set forth in the district court's well-reasoned

August 9, 2004, order and judgment of dismissal, we hold that Mr. Fagan failed to state a claim upon which relief may be granted.

The decision of the district court is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge